# Louisville & Nashville Railroad Co. v. Johnson.

## Action against Common Carrier.

1. *Pleading and practice; when ruling upon demurrer to plea presumed to be waived.*—When a judgment entry recites that the plaintiff's demurrer to defendant's plea was sustained by the court, but the record also shows that the plaintiff filed a replication to said special plea and that a demurrer was interposed to this replication, which was overruled by the court, in order to reconcile the apparent conflict, it will be presumed on appeal that the plaintiff waived the benefit of the court's action on his demurrer to the plea; and, therefore, no injury results to the defendant from such ruling of the trial court in sustaining the demurrer.

2. *Action against common carrier, sufficiency of replication to special plea.*—In an action against a common carrier to recover damages for the failure to deliver goods shipped over its line, where the defendant sets up by special plea that as a part of the contract of shipment, it was stipulated that no carrier should be liable for any loss or damage by fire from any cause, and that the freight shipped over the defendant's line involved in this suit was destroyed by fire in the depot of the defendant, and that said fire occurred without fault or negligence on the part of the defendant, a replication filed by the plaintiff to said plea, which alleges that the place of destination of the plaintiff's freight was, at the time of said fire, a town of more than 2,000 population and had a daily mail service, and that neither the defendant nor its agent notified the defendant of the arrival of said freight within tweny-four hours after its arrival, either by notice or by mail, as is required by law, presents no answer to said plea, and is, therefore, demurrable.

[Louisville & Nashville Railroad Co. v. Johnson.]

3.   *Evidence; proof of population.*—It is competent to prove the pop-
     ulation of a town by any witness having knowledge of the
     fact.

4.   *Common carrier; construction of statute absolving from liability.*
     The statute which provides that a common carrier, if the
     place of destination of freight is a city or town having 2,000
     inhabitants or more and a daily mail, is not relieved from lia-
     bility as a common carrier, by reason of the storage of
     freight in its depot, unless, within twenty-four hours after the
     arrival of said freight, personal notice thereof is given to con-
     signee through the mail, (Code, § 4224), makes no dis-
     tinction between towns and cities incorporated and those not
     incorporated.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

This was an action brought by the appellee, D. A.
Johnson, against the Louisville & Nashville Railroad
Company, as a common carrier, to recover damages for
the failure of the defendant to deliver one refrigerator
at Blocton, Ala., which was received by it as connecting
carrier and which was to be delivered to the plaintiff at
Blocton for a reward.   The defendant pleaded the gen-
eral issue and the following special plea:

"2d. That as a part of the contract of shipment by
which the goods or refrigerator went into the possession
of the defendant was the following clause, viz.: 'No car-
rier or party in possession of all or any of the property
herein described, shall be liable for any loss or dam-
age thereto by causes beyond its control or by floods or
by fire from any cause,' that by said clause the de-
fendant waived any claim against defendant for loss or
damage of said article by fire, and defendant avers that
said refrigerator was destroyed by fire in the depot of
defendant on the morning of May 24th, 1900, and that
said fire occurred without fault or negligence on the part
of the defendant."   The plaintiff demurred to the sec-
ond plea, upon the ground that it fails to deny that said
refrigerator was destroyed by fire without fault or negli-
gence on its part.   The judgment entry shows that this
demurrer was sustained.

It appears from the record that the plaintiff filed
the following replication to plea No. 2: "Comes the

plaintiff and for replication to plea No. 2 says that Bloc-
ton, Ala., the place of destination of said plaintiff's
goods is and was at the time of said fire a town of more
than 2,000 population, and that said town has and at
said time had a daily mail service, that defendant nor
its agent notified plaintiff of the arrival of said goods
within 24 hours after its arrival at its depot, either by
notice or by mail or by notice in person, as is required
by law regulating common carriers in towns and cities
of 2,000 population." The defendant demurred to this
replication, upon the ground that it does not state any
matter in answer to plea No. 2, nor does it set up facts
which avoid the terms of the contract. The judgment
entry recites that this demurrer was overruled.

The plaintiff introduced evidence tending to show
that the refrigerator was consigned to him at Blocton,
and was brought to Blocton over the defendant's road.
The bill of lading which was issued for the refrigerator
was introduced in evidence and contained the stipula-
tions set forth in the special plea, and also contained a
stipulation that after 24 hours from the arrival of the
freight at its destination, it could be stored by the car-
rier at the owner's risk. It was shown by the evidence
that the refrigerator in question was safely transported
to Blocton, that it was there unloaded and placed in the
defendant's depot warehouse, where it remained for four
days; that after remaining at Blocton in the defendant's
depot for four days the depot and refrigerator and other
property stored therein were destroyed by fire. The evi-
dence also tended to show that the said fire was caused
without fault or negligence on the part of the defendant.

The depot agent of the defendant testified that he did
not notify the plaintiff of the arrival of the refrigerator.
During the examination of several of the witnesses, they
were severally asked what was the population of Bloc-
ton. The defendant separately objected to each of these
questions, upon the ground that the question called for
secondary evidence and was not the best method of prov-
ing the population of Blocton, and further that it was
not shown that Blocton was an incorporated town or
city. Each of these objections were overruled, and to

[Louisville & Nashville Railroad Co. v. Johnson.]

each of such rulings the defendant separately excepted. The witnesses answered that Blocton had 4,000 or 5,000 inhabitants.

The cause was tried by the court without the intervention of a jury, and upon the introduction of all the evidence the court rendered judgment for the plaintiff, to the rendition of which judgment the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. M. FALKNER and J. T. ELLISON, for appellant. Under the facts in this case the defendant was not liable as the property was not shown to have been destroyed through any negligence on its part, and the plaintiff was shown to have been expecting the arrival of the property.—*C. & W. R. Co. v. Ludden & Bates*, 89 Ala. 612.

No counsel marked as appearing for appellee.

DOWDELL, J.—This suit was commenced in the justice court and appealed from that court to the circuit court, where it was tried without the intervention of a jury and judgment rendered for the plaintiff.

The judgment in the circuit court shows that the plaintiff's demurrer to the defendant's plea No. 2 was sustained by the court, but the record also shows that the plaintiff filed a replication to plea No. 2, and that a demurrer was interposed to this replication, which the court overruled. This apparent conflict can only be reconciled upon the theory, that the plaintiff waived the benefit of the court's action on his demurrer to the plea and made replication thereto, and this was recognized by the defendant in its subsequent pleading. In the order of pleading, the replication to the plea was necessarily subsequent to the demurrer to the plea, and the judgment shows a ruling by the court on a demurrer interposed by the defendant to the replication. No injury resulted to the defendant, as the demurrer to the plea and the court's judgment were abandoned and waived.

Special replication No. 2 filed to special plea No. 2, did not deny the averments of that plea, nor did it contain matter in confession and avoidance of the defense set up. It was, therefore, no answer to the plea, and the court erred in overruling the defendant's demurrer to the replication.

There was no error in overruling the objections to the questions asked the several witnesses as to the population of the town of Blocton. This was a fact in issue competent to be shown by any witness having a knowledge of the fact.

The statute, section 4224, makes no disinction between towns and cities incorporated, and those not incorporated.

For the error pointed out the judgment will be reversed and the cause remanded.